■ In the Matter of the Claim of HAROLD DE MARSH, Respondent, v DE MARSH AND SONS et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 4, 1982. Claimant has a history of work-related back injuries dating to 1962. On August 5, 1976, he again sustained an injury to his back. In the decision under review, the board found that "claimant has a 50% causally related disability attributable to the August 5, 1976 accident and the $83.33 reduced earnings rate is proper". The carrier contends that error was committed at the hearing when the referee refused to allow the carrier to introduce evidence or cross-examine witnesses concerning the prior injuries. The board concluded that no error occurred since the carrier had fully litigated the issue. There is substantial evidence supporting the board's decision. In February, 1980, three and one-half years after the latest accident, the carrier applied to the board to reopen the prior cases. The board denied its motion on the ground that the carrier had knowledge of the prior injuries and their relation to claimant's disability, but had failed to make its application within a reasonable time. No appeal was taken from this decision. The carrier now contends that the evidence concerning prior injuries it sought to introduce at the hearing is relevant to the issue of the part played by the latest accident in claimant's disability. Thus, argues the carrier, since the evidence was for a limited issue in the pending case, the denial of its application to reopen is irrelevant. The sole purpose, however, for the carrier's application to reopen the prior cases was "for an evaluation of the part, if any, played by them in the present

disability". It is apparent, therefore, that at the hearing the carrier was seeking to do indirectly that which it previously had been barred from doing directly. Accordingly, there is no basis for disturbing the board's decision. The carrier also claims on this appeal that substantial evidence is lacking to support the finding of a 50% causally related disability, but in its application for review to the board the carrier expressly conceded that "[w]e do not dispute the overall degree of disability as being 50%". The decision should be affirmed. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.